UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BENJAMIN HAYWARD,**

    Plaintiff,

v.

**GULF COAST ELECTRIC COOPERATIVE, INC.,**

    Defendant.
_____/

CASE NO.:
FLORIDA BAR NO: 739685

## COMPLAINT

Plaintiff sues Defendant and alleges as follows:

### NATURE OF THE ACTION AND PARTIES

1. This is an action brought pursuant to the Family & Medical Leave Act, 29 U. S. C. §2612, et. seq., as amended, and section 448.102, et seq, Florida Statutes. Plaintiff's damages are in excess of $75,000.00.

2. At all times pertinent hereto, Plaintiff has been a resident of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to the fact that he opposed unlawful employment practices and was retaliated against thereafter. Further, Plaintiff was eligible for, and sought to use, leave under the FMLA, and suffered retaliation pertinent thereto.

3. At all times pertinent hereto Defendant, has been doing business under the laws of the State of Florida and within Gulf County, Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

4.

1

## STATEMENT OF THE ULTIMATE FACTS

5. Plaintiff was employed by Defendant beginning on January 1, 1990, in remained employed continuously until his termination on January 1, 2023. The time of his termination, he held the position of lineman. Plaintiff had been employed full-time with Defendant for more than one year and had worked in excess of the hours required under the FMLA. Further, there were 50 or more employees attributable to Defendant within a 75-mile radius at the time Plaintiff requested and obtained leave under the FMLA. Defendant was a covered employer under this law.

6. Immediately prior to his firing, Plaintiff took leave under the FMLA. He suffered from a serious health condition, requested, and was approved for such leave. He was fired the day after he returned from his FMLA leave, without warning, notice, and without any prior discipline whatsoever.

7. The only other event immediately prior to his termination was his whistleblowing activity relating to an unsafe and unlawful practice of Defendant. Just before he was fired, Plaintiff was asked to transfer to a position that would expose him to an extremely dangerous hazard, namely a high-voltage cable that, if it came in contact with any machine or person, would likely have set the machine on fire and killed touched it. Plaintiff refused to accept this position. He voiced his opposition both to one or more managers and to the Chief Executive Officer of Defendant, Francis Hinson. Mr. Hinson made his extreme displeasure at Plaintiff's whistleblowing known to Plaintiff by making a comment directly to him. Mr. Hinson also marked Plaintiff's voiced opposition, saying to the effect that he was well aware of Plaintiff's comments. Plaintiff was fired.

8. At the time of Plaintiff's firing, he had been a loyal and faithful employee, and had always received positive employee evaluations.

9. Plaintiff has retained the undersigned to represent his interests in this case and is obligated to pay a reasonable fee for these services. Defendant should be made to pay said fee and all costs associated with this action.

## COUNT I
## PRIVATE WHISTLEBLOWER RETALIATION

10. Paragraphs 1, 2, 3, 4, 6, 7 and 8 are re-alleged and incorporated herein by reference.

11. This is an action against Defendant under §448.101, et seq., Florida Statutes.

12. Plaintiff objected to certain practices of Defendant that were in violation of state and/or federal laws. After he objected, Defendant fired him. He was terminated after she objected to, reported and/or refused to participate in actions or practices of Defendant that were in violation of one or more laws, rules or regulations.

13. Plaintiff was terminated because he engaged in certain behavior. Specifically, Plaintiff objected to, or refused to participate in, an activity, policy, or practice of the Defendant which is in violation of a law, rule, or regulation. The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

14. As a direct and proximate cause of Plaintiff's participation in the Whistle Blowing activities identified herein, he has been damaged, which damages include but are not limited to lost wages and other tangible job benefits, plus attorneys' fees and costs, and every other kind of damage allowed by law. He has also suffered emotional pain and suffering damages and other intangible damages that continue. Plaintiff is also entitled to injunctive relief.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT RETALIATION

15. Paragraphs 1-8, except paragraph 6 are incorporated herein by reference.

3

16. This is an action against Defendant for harassing Plaintiff due to needing, requesting and using leave time, and for terminating Plaintiff for taking time off that was or would be authorized by and protected under the FMLA.

17. Specifically, Plaintiff, after taking FMLA, was fired for using that leave.

18. Plaintiff was fired at least in part for exercising his rights and benefits under the FMLA and was fired swiftly after taking protected leave. The reason given for Plaintiff's firing was false.

19. Defendant's violations of the FMLA were willful.

20. As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of employment, as well as the security and peace of mind it provided. Plaintiff has incurred damages for lost wages, and other damages attendant with the retaliatory acts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, including but not limited to reinstatement, in stating lost tenure and associated employment benefits, mandating Defendant's obedience to the laws enumerated herein, and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein, including compensatory damages, liquidated damages, punitive damages, back pay, front pay and any other compensation allowed by law;

    (d)  enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law/ordinance enumerated herein;

    (e)  enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

    (f)  grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 16th day of March 2023.

                Respectfully submitted,

                /s/ Marie A. Mattox
                Marie A. Mattox [FBN 0739685]
                MARIE A. MATTOX, P. A.
                203 North Gadsden Street
                Tallahassee, FL 32303
                Telephone: (850) 383-4800
                Facsimile: (850) 383-4801
                Marie@mattoxlaw.com
                Secondary emails:
                marlene@mattoxlaw.com
                michelle@mattoxlaw.com
                ATTORNEYS FOR PLAINTIFF